2023R00225/DAF

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Crim. No. 25-456 |
| | : | |
| v. | : | 26 U.S.C. § 7206(2) |
| | : | |
| MICHAEL SIGALL | : | |

# I N F O R M A T I O N

The defendant having waived in open court prosecution by Indictment, the United States Attorney for the District of New Jersey charges:

## COUNT 1
## (Aiding and Assisting in the Preparation of False Tax Returns)

1. At all times relevant to this Information:

    a. Defendant MICHAEL SIGALL resided in West Berlin, New Jersey. Defendant MICHAEL SIGALL operated an income tax return preparation business from his home.

    b. The Internal Revenue Service ("IRS") was an agency of the United States Department of the Treasury, responsible for administering and enforcing the tax laws of the United States and collecting the taxes that were due and owing to the Treasury of the United States by its citizens and businesses and providing refunds of taxes overpaid.

    c. A U.S. Individual Income Tax Return ("Form 1040") was the form filed by a taxpayer and used by the IRS to assess liability for personal income tax and eligibility for refunds.

1

d.      Pursuant to the Internal Revenue Code and associated statutes and regulations, individual taxpayers could claim "Residential Energy Credits" for certain residential energy improvements or expenditures incurred in relation to the taxpayer's "dwelling unit," *i.e.*, their home, during the tax year.  Residential Energy Credits came in one of two forms.

e.      First, under 26 U.S.C. § 25C, an individual taxpayer could claim an "Energy efficient home improvement credit" of up to $500 for an amount equal to thirty percent of all "qualified energy efficiency improvements installed during" the taxable year and for "the amount of the residential energy property expenditures paid or incurred by the taxpayer during" the taxable year.  This credit would cover the installation of, and costs incurred to install, certain energy-efficient items, including but not limited to, windows, doors, furnaces, water heaters, or air conditioners.

f.      Second, under 26 U.S.C. § 25D, an individual taxpayer could claim a "Residential clean energy credit" for the taxable year in an amount equal to a certain percentage (30% for tax years 2017, 2018, and 2019, and 26% for tax years 2020 and 2021) of the taxpayer's qualified solar electric property expenditures, qualified solar water heating expenditures, qualified fuel cell property expenditures, qualified small wind energy property expenditures, and qualified geothermal heat pump property expenditures.

g.      To claim Residential Energy Credits, a taxpayer was required to complete and file IRS Form 5695, "Residential Energy Credits," and the amount of

Residential Energy Credits claimed was included on Schedule 3, "Additional Credits and Payments," to the taxpayer's Form 1040, "U.S. Individual Income Tax Return;" the adjustments on Schedule 3 were then reflected on the taxpayer's Form 1040.

       h.      Individual 1 was one of defendant MICHAEL SIGALL's clients. Defendant MICHAEL SIGALL prepared tax returns for Individual 1 for tax years 2021, 2022, and 2023, which were filed with the IRS.

       i.      Individual 2 was one of defendant MICHAEL SIGALL's clients. Defendant MICHAEL SIGALL prepared tax returns for Individual 2 for tax years 2022 and 2023, which were filed with the IRS.

    2.      For each of the tax years 2015 through 2023, defendant MICHAEL SIGALL prepared and filed Forms 1040 and Forms 1040-X for various clients that contained material false statements relating to Residential Energy Credits.

    3.      As a result of these false and fictitious credits, defendant MICHAEL SIGALL's clients showed lower income and higher tax credits, resulting in inflated refunds to which they would not have been entitled if SIGALL had prepared accurate tax returns.

    4.      On or about April 2, 2023, in Camden County in the District of New Jersey and elsewhere, the defendant,

MICHAEL SIGALL,

did willfully aid and assist in, and procure, counsel, and advise the preparation and presentation to the Internal Revenue Service of a U.S. Individual Income Tax Return, Form 1040, for Individual 1 for the calendar year of 2022, which return was

false and fraudulent as to material matters, namely, it included a false and fraudulent Form 5695 Residential Energy Credits showing false and fictitious expenses.

In violation of Title 26, United States Code, Section 7206(2).

## COUNT 2
## (Aiding and Assisting in the Preparation of False Tax Returns)

1. Paragraphs 1 through 3 of Count 1 of the Information are realleged and incorporated as if set forth in full herein.

2. On or about March 22, 2024, in Camden County in the District of New Jersey and elsewhere, the defendant,

MICHAEL SIGALL,

did willfully aid and assist in, and procure, counsel, and advise the preparation and presentation to the Internal Revenue Service of a U.S. Individual Income Tax Return, Form 1040, for Individual 2 for the calendar year of 2023, which return was false and fraudulent as to material matters, namely, it included a false and fraudulent Form 5695 Residential Energy Credits showing false and fictitious expenses.

In violation of Title 26, United States Code, Section 7206(2).

*Alina Habba*
ALINA HABBA
United States Attorney

CASE NUMBER: _____

# United States District Court
# District of New Jersey

**UNITED STATES OF AMERICA**

v.

**MICHAEL SIGALL**

# INFORMATION FOR

**26 U.S.C. § 7206(2)**

ALINA HABBA
UNITED STATES ATTORNEY
FOR THE DISTRICT OF NEW JERSEY

DANIEL A. FRIEDMAN
ASSISTANT U.S. ATTORNEY
CAMDEN, NEW JERSEY
(856) 757-5026